UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ISABEL CAMACHO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-585 |
| | ) | (McDONOUGH/GUYTON) |
| CHEROKEE HEALTH SYSTEMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

This case comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for consideration of Plaintiff's Motion and Application To Proceed *In Forma Pauperis*, which has been filed in the above case on September 29, 2016. The undersigned files this Report and Recommendation for the District Judge to whom this case is assigned. For the reasons more fully stated below, the Court finds that the Plaintiff should be allowed to file her Complaint without prepayment of costs, but the Court **RECOMMENDS** that the Complaint be **DISMISSED** for jurisdictional deficiencies and pursuant to 28 U.S.C. § 1915(e)(2).

## I.  FILINGS AND ALLEGATIONS

The Plaintiff has filed an application to proceed *in forma pauperis*, with the required detailing of her financial condition. The application demonstrates that the Plaintiff has little income and no assets.

In her Complaint, filed on September 29, 2016, the Plaintiff alleges that a medical doctor at Cherokee Health Systems "failed to notify" her of a decrease in her thyroid medication

prescription. She claims that this alleged failure violates "HIPPA".[1] Plaintiff's demand for relief is (1) additional testing and (2) "give patient reason why drastic decease and cancer screening." There is no claim for monetary relief.

## II.  ANALYSIS

### A.  Jurisdiction

Federal courts are courts of limited jurisdiction. Congress has conferred upon this Court, and other federal courts, the jurisdiction to hear only two types of civil cases: those arising under the United States Constitution and the laws and treaties of the United States, see 28 U.S.C. § 1331, and those cases in which the amount in controversy exceeds $75,000.00 and the parties are diverse, see 28 U.S.C. § 1332.

The Plaintiff has alleged a cause of action arising out of a law of the United States, HIPAA, although as explained below, she has not stated a claim.

### B.  Indigency and Failure to State a Claim

In addition to federal jurisdiction standards, applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. Adkins v. W.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948); Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915 if the litigation is frivolous and malicious or fails to state a claim upon which relief can be granted.

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

---

[1] The correct reference would be to HIPAA (Health Insurance Portability and Accountability Act).

**1.  Indigence**

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit.  Denton v. Hernandez, 504 U.S. 25 (1992).  The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence.  See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63  (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs.  28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*.  Adkins, 335 U.S. at 342.  An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life.  Id. at 339.

In the present case, the Plaintiff's Application to Proceed Without Prepayment of Fees and Plaintiff's economic status has been considered in making the decision of whether to grant leave to proceed *in forma pauperis*, and it appears that Plaintiff's application sets forth grounds for so proceeding.  The Application to Proceed *In Forma Pauperis* and Application to Proceed Without Prepayment of Fees are, therefore, **GRANTED**.

The Clerk is **DIRECTED** to file the complaint in this case without prepayment of costs or fees.  See Gibson, 915 F.2d at 262-63.  **The Clerk SHALL NOT issue process, however, at this time.**

**2.  Merits**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted.  See

Neitzke, 490 U.S. 319.[2]

**Failure to State a Claim Upon Which Relief Can Be Granted**

As the Court previously noted, though the Court has construed the pleadings liberally, the Court finds that there is no allegation of federal jurisdiction contained therein. The Plaintiff's full statement of her claim is as follows: "I have visited Doctors office on September 27, 2016 complaining of a change in my health. I was redirected to the lab to leave a blood sample for "thyroid testing" September 29, 2016, I went to the "Cherokee Health System Pharmacy" to pick up meds. My thyroid does has been decreased with proper notification or further evaluation. I am on remission from thyroid cancer."

The purpose of HIPAA is to establish patient privacy and patient information security regulations, and to create penalties for the violation of those regulations. HIPAA is not intended to regulate the private, personal care decisions between a medical provider and a patient. This Complaint does not assert a HIPAA violation. And even if the Plaintiff was attempting to allege a true HIPAA violation, it is well settled that her complaint first must be filed with the United States Office of Civil Rights, which is charged with investigating HIPAA violations. There is no private right of action under HIPAA. Accordingly, the Complaint in this matter fails to state a claim.

---

[2] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. United States v. Floyd, 105 F.3d 274 (6th Cir. 1997) and Powell v. Hoover, 956 F. Supp. 564 (M.D. Pa.) (1997).

### III. CONCLUSION

In sum, the Court finds the Plaintiff's motion and application to proceed *in forma pauperis* to be well-taken, and the Clerk is **DIRECTED** to file the complaint in this case without prepayment of costs or fees. No process shall issue, however, until the District Judge has ruled upon this Report and Recommendation,[3] because it is **RECOMMENDED**[4] that the Complaint be **DISMISSED** due to its failure to state a claim.

> Respectfully submitted,
>
> *Bruce Guyton*
> United States Magistrate Judge

---

[3] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of Gibson v. R.G. Smith Co., 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).